IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| TERRY BISHOP, DVM; RODNEY, JANEEN, CHAD, and AARON NAEDLER, and NAEDLER FARMS II; DANIEL and ERIN RICHARDS; BERNARD and DENISE ROBILLARD, and ROBILLARD FLAT FARMS, INC., on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 5:19-cv-06129-SRB |
| v. | )<br>)<br>) |
| DELAVAL INC., et al. | )<br>) |
| Defendants. | ) |

**ORDER**

The Court having this day entered its order granting the motion for final approval of the class action settlement between the Settlement Class and Defendants DeLaval Holding AB, DeLaval International AB, DeLaval Inc., and West Agro, Inc. ("DeLaval"), and finding no just reason for delay, hereby enters judgment with respect to all claims against DeLaval.

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

The Court has certified the following Settlement Class with respect to the claims against DeLaval:

> All persons or entities who purchased, financed, or leased the Classic VMS in the United States (whether new or used).

The following are excluded from membership in the Settlement Class: the Released Parties; any Judge to whom this case was assigned; and Defense Counsel and the law firms' partners and

employees.[1] There are no opt outs from the Settlement Class.

The distribution of the notice of the Settlement Agreement, as ordered by this Court's order granting preliminary approval on April 14, 2022 (Doc. #263), constituted the best practicable notice under the circumstances, constitutes due and sufficient notice to the Settlement Class, and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

In accordance with the more detailed findings made in the Court's order granting final approval of the Settlement Agreement, all claims of the Settlement Class against DeLaval are DISMISSED WITH PREJUDICE.

All Released Claims by Releasing Parties against Released Parties are hereby released, relinquished, and discharged, as provided in the Settlement Agreement, and according to the same definitions used therein, including:

> **["Released Claims" means]** . . . any and all claims at law or in equity, whether in contract, tort or otherwise, that they ever had, now had or hereinafter may have arising from the lease, finance, purchase and/or use of the Classic VMS and the equipment and goods that were included in the damages report of Logan Kelly, regardless of theory or cause of action including, but not limited to, negligence, strict liability, breach of contract, breach of warranty, fraud, violations of state consumer protection laws and any and all theories or measures of damage or relief including, but not limited to, diminution in value, economic or business loss, punitive damages or injunctive relief.
>
> **"Releasing Parties"** means Plaintiffs and all Class Members, and each of their respective heirs, executors, family members with an interest in the Classic VMS, representatives, corporations, associations or other legal entities, agents, legal representatives, assigns, successors, and predecessors.
>
> **"Released Parties"** means Defendants as well as the unserved named defendants DeLaval Holding BV and Tetra Laval International SA, and each entity's respective dealers, directors, officers, employees, parents, subsidiaries, affiliates, shareholders, partners, attorneys, agents, representatives, insurers, heirs, assigns,

---

[1] All capitalized terms not defined herein have the meanings set forth in the Settlement Agreement, filed as Exhibit 1 to Plaintiffs' motion for preliminary approval (Doc. #261, Doc. #262).

and predecessors and successors in interest.

Each settling party shall bear its own attorneys' fees and costs with respect to the claims of the Settlement Class against DeLaval, except to the extent that the Court has separately made awards to be paid solely out of the Gross Settlement Proceeds under the Settlement Agreement.

Without affecting the finality of this judgment, the Court shall retain exclusive jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Settlement Agreement, including allocation and distribution, all orders and judgments entered in connection therewith, and other matters ancillary to the Settlement Agreement.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this constitutes a final, appealable judgment as to all claims against DeLaval.

The Clerk is ORDERED to enter this Final Judgment forthwith and without further notice in this case.

**IT IS SO ORDERED.**

Dated: July 20, 2022                                s/s Stephen R. Bough
                                                    STEPHEN R. BOUGH
                                                    UNITED STATES DISTRICT JUDGE